IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUCY WROBLEWSKI :

v. : Civil Action No. DKC 08-3368

UNITED STATES OF AMERICA :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tax refund case is Defendant's motion to dismiss. (Paper 10). The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion to dismiss will be granted, and Plaintiff will be granted 21 days within which to file an amended complaint.

**I. Background**

This case arises from a dispute concerning Plaintiff's federal taxes. On December 12, 2008, Lucy Wroblewski filed a complaint alleging $39,000 in damages against the United States Department of the Treasury Internal Revenue Service ("IRS"). (Paper 1). Defendant moved to dismiss on April 27, 2009. (Paper 10). Because Plaintiff is representing herself, the clerk notified her of the pendency of the motion and the necessity to file a response. *See Roseboro v. Garrison*, 528

F.2d 309 (4th Cir. 1975). Plaintiff submitted a response on May 18, 2009 (Paper 13), and Defendant submitted a reply on June 1, 2009 (Paper 15).

In her complaint, Plaintiff alleges that in 2001 the IRS incorrectly included $85,678.25 worth of received stock as part of her taxable income. (Paper 1, at 2). That number, she argues, was the total value of 1,981 shares of common stock given to her husband as part of his employer's retention program. (Paper 1, Attachment 1). The company withheld 752 shares, however, to cover taxes. (*Id.*). Therefore, she concludes, the United States should refund the income tax Plaintiff paid on the stock transfer. (Paper 1).

In her response to Defendant's motion to dismiss, Plaintiff specifies her damages. She alleges that an IRS assessment of $23,000 against her was erroneous as that amount had already been collected through "income tax refund interception." (Paper 13, at 2). She further alleges that the State of Maryland erroneously collected $4,014.28 on behalf of the IRS. (*Id.*). Finally, she alleges that Maryland also collected $13,452.60 through a tax lien on her home as a result of the IRS's action. (*Id.*).

## II. Motion to Dismiss

Defendant moves to dismiss for lack of subject matter jurisdiction. (Paper 10). Plaintiff resists the motion. (Paper 13). Defendant's motion will be granted.

### A. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed.R.Civ.P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a 12(b)(1) motion, the court "may consider evidence outside the pleadings" to help determine whether it has jurisdiction over the case before it. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *see also Evans*, 166 F.3d at 647. The court should grant the 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

### B. Analysis

Defendant moves to dismiss for lack of subject matter jurisdiction because Plaintiff has not alleged that she filed an administrative claim for refund. (Paper 10, at 2). Without sufficient allegations to satisfy a statutory cause of action,

this court lacks subject matter jurisdiction. (*Id.*). Furthermore, the United States has not waived sovereign immunity for a general claim for unspecified damages. (Paper 10, at 3). Plaintiff responds by claiming that the IRS granted her the right to file suit in federal district court and attaches one page of a document she claims to have received from the IRS. (Paper 13, Attachment 1). The first sentence on the page states: "If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court." (Paper 13, Attachment 1).

The doctrine of sovereign immunity precludes suit against the United States, "save as it consents to be sued." *Frahm v. United States*, 492 F.3d 258, 262 (4th Cir. 2007)(quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))(internal quotations omitted). Congress has consented to tax refund suits where a plaintiff adheres to the procedures established in three code sections. *See United States v. Dalm*, 494 U.S. 596, 601 (1990). Pursuant to 28 U.S.C. § 1346(a)(1), a taxpayer seeking refund of a tax overpayment from the IRS may file a civil action against the United States in federal district court or in the United States Court of Federal Claims. Before a suit may be brought, 26 U.S.C. § 7422(a) requires the taxpayer to pay the

assessed tax and file a timely formal administrative claim for refund with the Secretary of the Treasury. To be timely, the administrative claim must be filed by the later of "3 years from the time the return was filed or 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." *Dalm*, 494 U.S. at 601.

This complaint will be dismissed without prejudice and Plaintiff will be granted 21 days within which to file an amended complaint. To establish that the court has jurisdiction over her claim, Plaintiff must allege all three elements required for the waiver of sovereign immunity: her overpayment, that she filed an administrative claim, and that the claim was timely. Plaintiff appears to allege that she paid the taxes assessed against her but does not allege that she timely sought administrative relief before filing with the United States District Court.[1] If the document attached to her response is part of an administrative decision on this tax claim, Plaintiff

---

[1] As noted by Defendant, however, the very page on which Plaintiff relies to show entitlement to bring this suit indicates that the IRS believes there is still a balance due.

must state this fact explicitly and allege that her initial claim was timely.

**III. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted. A separate Order will follow.

/s/

DEBORAH K. CHASANOW
United States District Judge