IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LUCY WROBLEWSKI      :

    v.      :    Civil Action No. DKC 08-3368

UNITED STATES OF AMERICA  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this tax refund case is a motion filed by the government to dismiss Plaintiff's amended complaint or, in the alternative, to strike it in part. (ECF No. 35). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the government's motion will be granted.

**I.  Background**

Plaintiff Lucy Wroblewski, proceeding *pro se*, commenced this action on December 15, 2008, seeking a refund of taxes she allegedly overpaid for the 2001 tax year. (ECF No. 1). Her complaint alleged that she sold a number of shares of stock during that year and that a portion of those shares were withheld at the time of distribution to satisfy her tax obligation. She asserted that the IRS nevertheless assessed taxes based on the full amount of the shares that were sold.

Plaintiff sought damages of $39,000, which apparently represented "the overpaid tax plus interest and penalties collected by the IRS." (*Id.* at 2).

The government responded by filing a motion to dismiss for lack of subject matter jurisdiction, alleging that Plaintiff failed to plead that she filed an administrative refund claim, a jurisdictional prerequisite under 26 U.S.C. § 7422(a). (ECF No. 10). In opposing the government's motion, Plaintiff attached a letter, dated December 12, 2006, apparently from the IRS, notifying her of her right to "file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court." (ECF No. 13, Attach. 1). By the same letter, the IRS advised Plaintiff that "[t]he current balance due for the tax period Dec. 31, 2001, is $13,249.26, which includes penalty and interest figured to Dec. 31, 2006," and that Plaintiff would continue to be charged penalties and interest until the balance was paid in full. (*Id.*). Plaintiff additionally attached an amended tax return, Form 1040X, dated June 27, 2006, claiming a right to a refund in the amount of $25,607.00. (*Id.* at Attach. 2).

On March 2, 2010, the court issued a memorandum opinion and order granting the government's motion to dismiss without prejudice to Plaintiff's right to file an amended complaint

within twenty-one days. (ECF Nos. 16, 17). The court explained:

> Before a suit may be brought, 26 U.S.C. § 7422(a) requires the taxpayer to pay the assessed tax and file a timely formal administrative claim for refund with the Secretary of the Treasury. To be timely, the administrative claim must be filed by the later of "3 years from the time the return was filed or 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). "Read together, the import of these sections is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund . . . may not be maintained in any court." [*United States v. Dalm*, 494 U.S. 596 at 61 (1990)].

(*Id*. at 4-5). The court noted that although Plaintiff "appears to allege that she paid the taxes assessed against her," the right to sue letter clearly reflected that a balance was still owed and, in any event, that the complaint failed to allege that she timely sought administrative relief prior to filing suit.

Plaintiff subsequently requested, and was granted, three separate extensions of time in which to file her amended complaint. She then moved for appointment of counsel, requesting an additional extension until November 15, 2010, to file the amended pleading. (ECF No. 28). The court granted that motion and, on September 29, 2010, *pro bono* counsel was appointed. (ECF Nos. 30, 31).

On November 15, 2010, Plaintiff filed a letter addressed to the court explaining that her appointed counsel had "decided to withdraw" from the case and indicating her desire to proceed *pro se*. (ECF No. 34).[1] The letter, which is construed as the amended complaint, asserts that Plaintiff's 2001 tax return was received by the IRS on August 22, 2002; that she "filed an administrative claim for overpayment via an amended return on April 28, 2005 and again on June 29, 2006"; and that, "after denying [her] overpayment refund claims, the IRS continued to collect the assessed tax through October 6, 2008." (*Id*. at 1). According to Plaintiff, she has, therefore, satisfied all requirements for waiver of sovereign immunity and "established that the court has jurisdiction over [the] case." (*Id*.). Although the amended complaint omits much of the factual detail contained in the original, Plaintiff alleges that she overpaid her 2001 taxes and asserts that she is entitled to a refund. The complaint alludes to the substance of settlement discussions between the parties, which appears to be related to Plaintiff's request that the court "cancel all penalties and interests assessed by the IRS," and further indicates that the collection practices of the IRS in this case were "excessive." (*Id*. at 2).

---

[1] On the same date, her attorney separately filed a motion to withdraw (ECF No. 32), which the court granted the following day (ECF No. 33).

On November 19, 2010, the government filed the pending motion to dismiss the amended complaint or, in the alternative, to strike it in part. (ECF No. 35). After receiving an extension of time to respond, Plaintiff filed opposition papers on January 28, 2011. (ECF No. 39). The government replied on February 2, 2011. (ECF No. 40).

**II. Standard of Review**

The government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The purpose of Fed.R.Civ.P. 12(b)(6) motion is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

In its determination, the court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**III. Analysis**

The government argues that Plaintiff has failed to state a claim upon which relief may be granted because, "as with her

original complaint, she failed to allege that she paid her tax liability in full prior to filing suit" and she "fails to describe the relief she is seeking." (ECF No. 35, Attach. 1, at 3).[2] To the extent Plaintiff seeks an abatement of the penalties and interest assessed for 2001, the government asserts that the district court is without jurisdiction to consider such a claim. Nor does the court have jurisdiction, according to the government, to consider any claim for wrongful collection absent a showing that an administrative claim was filed in this regard.

In her opposition papers, Plaintiff explicitly states, for the first time, that she "paid the tax liability in full prior to filing suit," specifically asserting that "[t]he original suit was filed on December 12, 2008," and "[t]he IRS collected the final 2001 alleged tax liabilities on October 6, 2008." (ECF No. 39, at 1). She further states that she continues to seek $39,000 in damages, the amount requested in her original complaint, and that this "is a collective amount including the overpayment, penalties and interests imposed by the IRS over the years and related incurred charges." (*Id*.). Moreover, she clarifies that she did not intend to seek an abatement of

---

[2] While aspects of the government's motion challenge subject matter jurisdiction, which would be more properly considered under Fed.R.Civ.P. 12(b)(1), it further asserts that the amended complaint fails to state a claim in accordance with Fed.R.Civ.P. 8(a), which is properly brought as a motion pursuant to Rule 12(b)(6). Under either standard the motion is meritorious and the end result is the same.

7

penalties and interest or to state a claim for wrongful collection.[3]

In its reply brief, the government observes that although Plaintiff explained in her opposition papers that she can allege all facts required to state a tax refund claim, the failure to do so in her amended complaint warrants dismissal. (ECF No. 40).

As indicated in the prior opinion, in order to establish jurisdiction, Plaintiff must allege facts showing that the terms of the government's waiver of sovereign immunity have been satisfied. In a tax refund case, the government's consent is based on three conditions: (1) that the plaintiff overpaid taxes, *see* 28 U.S.C. § 1346(a)(1); (2) that she timely filed an administrative claim, *see Dalm*, 494 U.S. at 601-02; and (3) that she paid any tax liability in full prior to filing suit, *see Flora v. United States*, 362 U.S. 145, 150-51 (1960). Pursuant to Federal Rule of Civil Procedure 8(a), in addition to "a short and plain statement of the grounds for the court's jurisdiction," a complaint must include "a short and plan statement of the claim showing that the pleader is entitled to relief" and "a demand for relief sought."

---

[3] Thus, the court's review of the amended complaint is confined to the tax refund claim.

Between her two complaints and two responses to the government's motions to dismiss, it appears that Plaintiff can meet the pleading requirements under Rule 8. She has yet to do so, however, in the context of a single pleading. Despite the court's instructions in the prior opinion, the amended complaint fails to assert explicitly facts demonstrating that Plaintiff's tax liability was paid in full prior to the time she commenced this action. Moreover, the amended pleading omits much of the language contained in the original complaint setting forth the factual basis of her claim and the amount she seeks as damages. Plaintiff appears to have acted under the mistaken impression that the amended complaint merely supplements the original when, in fact, the amended pleading superseded the prior version. *See Young v. City of Mount Ranier*, 238 F.3d 567, 573 (4th Cir. 2001) ("[t]he general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect"); *see also* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"). Plaintiff may not point to allegations in two separate pleadings in order to state a claim that satisfies the requirements of Rule 8, and the various assertions in her motion papers have no effect on the sufficiency of her pleadings. Because her amended

complaint fails to include all of the requisite elements, the government's motion to dismiss will be granted.

While Plaintiff has not requested leave to amend her complaint as alternative relief, the government seeks dismissal without prejudice and the court is willing to afford Plaintiff one final opportunity to plead her claim sufficiently in a single complaint. Thus, Plaintiff will be provided twenty-one days in which to file a second amended complaint asserting her tax refund claim. To be clear, the second amended complaint must contain the following: (1) a concise statement as to the court's jurisdiction (*i.e.*, that Plaintiff overpaid taxes, that she timely filed an administrative claim, and that her tax liability was paid in full prior to filing suit); (2) a statement of the facts showing that Plaintiff is entitled to relief (*e.g.*, those related to the stock sale, the payment of taxes related thereto, and the assessment of taxes by the IRS); and (3) the demand for relief sought (*i.e.*, the amount of money requested and a brief explanation as to what constitutes that amount). Plaintiff is forewarned that, except in the event of an emergency, the court will not permit any further extension of time for her to file this complaint; moreover, she will not be

permitted another opportunity to amend if she fails to plead the necessary requirements in her second amended complaint.[4]

IV. **Conclusion**

For the foregoing reasons, the government's motion to dismiss will be granted. A separate order will follow.

                                               _____/s/_____
                                               DEBORAH K. CHASANOW
                                               United States District Judge

---

[4] The government moves, in the alternative, to strike references in the amended complaint related to the parties' settlement discussions, alleging prejudice insofar as "it cannot effectively dispute them – and it does dispute them – without [] violating Local Rule 607(4)." (ECF No. 35, Attach. 1, at 6) (emphasis omitted); *see* Local Rule 607(4) ("no disclosure shall be made to anyone, including the judicial officer to whom the case is assigned, of any dispute resolution communication that in any respect reveals the dispute resolution positions of the parties or advise or opinions of neutrals"). Because the court will grant the government's motion to dismiss, is does not reach the merits of this claim.

As the government further observes, however, three of the exhibits attached to Plaintiff's amended complaint contain personal identifier information. (ECF No. 34, Ex. A-C). While Plaintiff has not requested sealing, the court will, *sua sponte*, direct that these documents be sealed in light of the privacy concerns implicated. The court further instructs Plaintiff that if she wishes to attach any exhibits to her second amended complaint, she must be certain to redact (*i.e.*, blacken-out) any personal identifier information such as social security numbers, phone numbers, or dates of birth, as these documents are available for public inspection.